John T. Johnson
Jeffrey C. Mok
Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022-4611
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
jjohnson@fr.com
jmok@fr.com

New address as of December 16, 2019:
Fish & Richardson P.C.
7 Times Square, 20th Flr.
New York, NY 10036

*Attorneys for Plaintiff Embrava Pty Ltd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Embrava Pty Ltd,<br><br>        Plaintiff,<br><br>   v.<br><br>Plenom A/S; and Plenom Americas, LLC,<br><br>        Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Embrava Pty Ltd ("Embrava"), by and through its attorneys, Fish & Richardson P.C., for its Complaint, hereby alleges against Defendants Plenom A/S and Plenom Americas, LLC (collectively "Plenom" or "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a copyright infringement, breach of contract, and unfair competition action arising out of Plenom's willful and unauthorized reverse engineering of software, and its willful and unauthorized copying, use, and distribution of Embrava's copyrighted source code.

## PARTIES

2. Plaintiff Embrava is an Australian propriety company having its principal place of business at Level 38 Tower 3, International Towers Sydney, 300 Barangaroo Avenue, Sydney, NSW 2000.

3. Upon information and belief, Defendant Plenom A/S is a Danish corporation with a principal place of business at Pi 2, Søften, 8382 Hinnerup, Denmark.

4. Upon information and belief, Plenom Americas, LLC is Florida Limited Liability Company with a principal place of business at 7601 N Federal Hwy, Suite 210A, Boca Raton, FL 33487.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., and New York state law. This Court has jurisdiction at least pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. This Court has personal jurisdiction over Plenom A/S because Plenom A/S regularly conducts business within the State of New York.

7. Plenom A/S has authorized the sale of products in this District, including the Kuando Busylight Alpha and Kuando Busylight Omega products, and the distribution of software in this District, including the Cisco Jabber Kuando Busylight Version 1.0.9 and Microsoft Teams Presence Integration for Kuando Busylight version 0.9.4 software.

8. This Court has personal jurisdiction over Plenom Americas, LLC because Plenom Americas, LLC regularly conducts business within the State of New York.

9. Plenom Americas, LLC has authorized the sale of products in this District, including the Kuando Busylight Alpha and Kuando Busylight Omega products and the distribution of software in this District, including the Cisco Jabber Kuando Busylight Version 1.0.9 and Microsoft Teams Presence Integration for Kuando Busylight version 0.9.4 software.

10. Defendants Plenom A/S and Plenom Americas, LLC are each subject to personal jurisdiction in this judicial district, at least because they have advertised, offered to sell, sold, and/or distributed infringing products and software, including the Kuando Busylight Alpha and Kuando Busylight Omega products and the Cisco Jabber Kuando Busylight Version 1.0.9 and Microsoft Teams Presence Integration for Kuando Busylight version 0.9.4 software, in the United States, including in this judicial district. Defendants have, directly or through their distribution network, purposefully placed infringing products and software into the stream of commerce knowing and expecting them to be purchased and used by consumers in the United States, including in this judicial district, and such infringing products and software actually have been purchased and used in the United States and in this judicial district. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

11. Embrava is an Australian company providing business productivity tools that solve productivity challenges in the modern workplace.

12. Embrava's products include a line of status light products, sold under the name Blynclight, which can be used to display an employee's availability in a workplace setting.

13. Blynclight products are used with a number of Unified Communications ("UC") software packages such as Microsoft Teams and Cisco Jabber.

14. Embrava developed software ("Embrava's UC Software"), now incorporated into its "Embrava Connect" software used in its Blynclight products, to support UC software packages.

15. Embrava has at all times been, and continues to be, the sole owner of the copyright to Embrava's UC Software source code. Embrava's copyright is presently valid and subsisting and was valid and subsisting at all times affecting the matters complained of herein.

16. Australia and the United States are both signatories to the Berne Convention which provides, *inter alia*, that a member country will afford the same treatment to works from another member country as it does to works from its own country. Thus, Embrava's UC Software source code, subject to Australian copyright, is protected by U.S. Copyright law in the United States.

17. The source code for Embrava's UC Software was developed in Australia by persons who are not nationals, domiciliaries, or habitual residents of the United States.

18. Embrava's UC Software source code has never been published.

19. Embrava's UC Software source code is not a United States work within the meaning of 17 U.S.C. § 101. Embrava's UC Software source code, as a non-United States work, is exempt from registration pursuant to 17 U.S.C. § 411.

20. Embrava's UC Software, as part of Embrava Connect, is provided to users through a download link on Embrava's website that provides for the downloading of installation files. Before installation of Embrava Connect, a user must agree to a License Agreement (e.g., an End-User License Agreement).

21. The License Agreement prohibits reverse engineering, decompiling, or disassembly of Embrava Connect.

22. The Embrava UC Software source code is not provided to customers or otherwise distributed to third parties outside of Embrava.

23. Upon information and belief, Plenom, or a third party working on Plenom's behalf, downloaded Embrava Connect installation files from Embrava's website.

24. Upon information and belief, Plenom, or a third party working on Plenom's behalf, reverse engineered, decompiled, or disassembled Embrava Connect to obtain Embrava's UC Software source code, without Embrava's authorization.

25. Plenom, or a third party working on Plenom's behalf, copied, without Embrava's authorization, Embrava's UC Software source code into Plenom's software (the "Infringing Software Program(s)") for its products which compete with Embrava's Blynclight products, for example Plenom's Kuando Busylight Alpha and Kuando Busylight Omega products.

26. The Infringing Software Programs include Cisco Jabber Kuando Busylight Version 1.0.9 (and other versions of this software), and Microsoft Teams Presence Integration for Kuando Busylight version 0.9.4 (and other versions of this software).

27. On information and belief, Plenom encouraged and instructed its customers to download the Infringing Software Programs for use on Plenom's Kuando Busylight Alpha and Kuando Busylight Omega products.

28. Plenom distributed the Infringing Software Programs to its customers, including through Plenom's website.

29. Plenom issued a statement on June 13, 2019 stating that its "software provider back in 2016 had found inspiration in software from Embrava – when developing our Cisco Jabber integration code."

30. Plenom's statement also stated that the code was used in Plenom's software for Microsoft Teams.

31. On information and belief, despite Plenom's knowledge that its Infringing Software Programs use Embrava's UC Software source code, Plenom has not notified its customers to cease using the Infringing Software Programs, or to uninstall or delete the Infringing Software Programs.

32. On information and belief, Plenom's customers continue to use the Infringing Software Programs.

33. Plenom's copyright infringement, breach of contract, and unfair competition has caused and continues to cause extensive monetary harm to Embrava, along with harm to Embrava's intangible proprietary rights for which Embrava has no adequate remedy at law.

34. On information and belief, Plenom has at all times been aware of Embrava's ownership of Embrava's UC Software source code, and has taken all of the actions complained of herein willfully and with the intent to harm Embrava.

## COUNT I
### (Direct Copyright Infringement)

35. Embrava repeats and realleges each and every allegation above as if fully set forth herein.

36. Embrava is the sole owner of all right, title, and interest in the copyright to Embrava's UC Software source code.

37. By, its actions, alleged above, including, among other things, duplicating, and distributing Embrava's UC Software source code (and preparing derivative works),

including through the creation, deployment, installation, and/or use of Plenom's Infringing Software Programs, Plenom directly infringed Embrava's copyright.

38. Plenom's direct copyright infringement of Embrava's copyright has been deliberate, willful and in utter disregard of Embrava's rights.

39. Embrava has been damaged in an amount to be proven at trial.

40. Embrava has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a).

## COUNT II
### (Contributory Copyright Infringement)

41. Embrava repeats and realleges each and every allegation above as if fully set forth herein.

42. By, among other things, intentionally encouraging and inducing its customers to download, install, and/or use the Infringing Software Programs which include unauthorized copies of Embrava's UC Software source code, Plenom committed contributory copyright infringement.

43. Plenom's contributory copyright infringement of Embrava's copyright has been deliberate, willful and in utter disregard of Embrava's rights.

44. Embrava has been damaged in an amount to be proven at trial.

45. Embrava has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. § 502(a).

## COUNT III
### (Breach of Contract)

46. Embrava repeats and realleges each and every allegation above as if fully set forth herein.

47. The Embrava Connect License Agreement is a binding contract between Embrava and Plenom.

48. Embrava has fully performed or tendered all performance required under the Embrava Connect License Agreement.

49. By its conduct as alleged above Plenom has breached at least the License Agreement's prohibition of reverse engineering, decompiling, or disassembly of Embrava Connect.

50. As a direct and proximate result of Plenom's conduct, Embrava has suffered and continues to suffer disruption of its business relationships and the loss of clients and potential clients, and devaluation of its business.

51. Plenom's breach of contract has caused and will continue to cause Embrava substantial injury, including but not limited to actual damages, lost profits, and the diminution in value of its business.  Plenom has been unjustly enriched by its actions.

52. Plenom's breach of contract was intentional, knowing, willful, malicious, fraudulent, and oppressive.  Embrava is entitled to an award of exemplary damages and reasonable attorneys' fees.

## COUNT IV
### (Unfair Competition)

53. Embrava repeats and realleges each and every allegation above as if fully set forth herein.

54. Embrava has invested substantial labor, skill, and expenditures in developing its valuable property rights and benefits in Embrava's UC Software source code.

55. Plenom misappropriated Embrava's substantial labor, skill, and expenditure in bad faith by, among other things, intentionally, knowingly, willfully, and

maliciously violating the contractual obligations of the Embrava Connect License Agreement and using Embrava's UC Software source code obtained through unauthorized reverse engineering, decompiling, or disassembly for its own commercial advantage.

56. As a direct and proximate result of Plenom's conduct, Embrava has suffered and continues to suffer disruption of its business relationships and the loss of clients and potential clients, misappropriation of its skills and expenditures, and devaluation of its valuable property rights, benefits, and business, and damages in an amount to be proved at trial.

57. Plenom's misappropriation of Embrava's substantial skills and expenditures has caused and will continue to cause Embrava substantial injury, including, but not limited to actual damages, lost profits, and the diminution in value of its valuable property rights and benefits. Plenom has been unjustly enriched by its misappropriation of Embrava's substantial skills and expenditures.

58. Plenom's misappropriation of Embrava's substantial skills and expenditures was intentional, knowing, willful, malicious, fraudulent, and oppressive. Embrava is entitled to an award of exemplary damages and reasonable attorneys' fees.

59. Embrava has no adequate remedy at law and is entitled to injunctive relief to protect its substantial skills and expenditures and valuable property rights and benefits as well as Embrava's legitimate business interests. Embrava will continue to suffer irreparable harm absent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Embrava respectfully requests judgment against Defendants as follows:

A. Find that Plenom has infringed Embrava's copyright in Embrava's UC Software source code directly and contributorily;

B.  Find that such infringement was willful;

C.  Find that Plenom has breached the Embrava Connect License Agreement;

D.  Find that Plenom has unfairly competed with Embrava;

E.  Find a substantial likelihood that Plenom and its customers will continue to infringe Embrava's intellectual property unless enjoined from doing so;

F.  Issue a preliminary and permanent injunction enjoining Plenom and all persons, firms and corporations acting in concert with Plenom, from directly or indirectly infringing Embrava's copyright,

G.  Order Plenom to render a full and complete accounting to Embrava for Plenom's profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement, breach, and unfair competition;

H.  Enter judgment for Embrava against Plenom for all damages suffered by Embrava and for any profits, gains, advantages, or the value of the business opportunities received by Plenom attributable to Plenom's infringement of Embrava's intellectual property, breach of contract, and unfair competition in amounts to be determined at trial;

I.  Order that Plenom notify its customers to cease using the Infringing Software Programs;

J.  Order that Plenom retrieve and destroy all copies of the Infringing Software Programs from its customers and others to whom Plenom distributed copies;

K.  Order that Plenom permanently delete from its computer systems all copies or portions of copies of Embrava's UC Software source code;

L. Award Embrava costs and disbursement of this action, including reasonable attorneys' fees and costs;

M. Award Embrava pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

N. Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Embrava demands a trial by jury on all issues so triable in this action.

Dated: December 10, 2019

/s/Jeffrey C. Mok
John T. Johnson
Jeffrey C. Mok
**Fish & Richardson P.C.**
601 Lexington Avenue
52nd Floor
New York, NY 10022-4611
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
jjohnson@fr.com
jmok@fr.com

New address as of December 16, 2019:
**Fish & Richardson P.C.**
7 Times Square, 20th Flr.
New York, NY 10036

*Attorneys for Plaintiff Embrava Pty Ltd*